## SECOR and others *v.* SINGLETON and others.

*(Circuit Court, E. D. Missouri. December 6, 1881.)*

**1. DEMURRER TO BILL—VERIFICATION—EQUITY RULE 31.**

A demurrer to a bill in equity should be certified by counsel to be, in their opinion, well founded in point of law, and supported by the affidavit of the defendant that it is not interposed for delay.

**2. TAXATION—DECISIONS OF STATE COURTS GOVERN.**

The decision of the highest court of a state upon a question of local taxation is conclusive.

**3. SAME—EXEMPTIONS.**

Where the stock of a company is by law exempt from taxation, its property cannot be taxed.

*Scotland County* v. *Missouri, Iowa & Nebraska R. Co.* 65 Mo. 120.

### In Equity. Demurrer.

The bill alleged that the Alexandria & Bloomfield Railroad Company was duly incorporated by an act of the general assembly of the state of Missouri, and that by a provision of its charter its stock was made exempt from taxation for the period of 20 years after its completion, which period has not yet expired; that said road ran through the counties of Clark, Scotland, and Schuyler, in the state of Missouri, to a point on the northern boundary line of said state; that said company was afterwards consolidated, under the laws of Missouri and Iowa, with the Iowa Southern Railway Company, a corporation in the state of Iowa, and has been since known as the Missouri, Iowa & Nebraska Railway Company; that by virtue of the laws of said states the consolidated company became entitled to all the privileges and immunities of the original corporations; that said Iowa & Nebraska Railway Company has no property in said counties of Clark, Scotland, and Schuyler, except its roadbed and other property used in the operation of its road; that taxes had been illegally assessed against said property, and that the defendants, the auditor of the state of Missouri, the judges of the county courts of said counties, and others, have combined to compel said company to pay taxes in said counties upon its property therein situated, and had employed attorneys to institute and maintain suits for taxes assessed against said property; that the complainants owned a large amount of stock in said company, and had requested the directors and officers of said company, and said company, to refuse to pay said taxes, and to take proper steps to resist the imposition of taxes upon said property, but that they had refused to take any such steps; and that said company had, through its officers, announced its intention to pay said illegal taxes. The prayer of the bill was that the taxation of said company's property should be declared illegal, and the acts of the auditor and the county officers void and of no effect; and for a writ of injunction to restrain the defendants from taking any steps towards the assessment of taxes upon the property of said road, or the collection thereof. The defendants demurred to the bill upon the ground that it set forth no ground of action or complaint against them. The

demurrer was not certified by counsel to be, in their opinions, well founded in point of law, nor was it supported by the affidavit of the defendants that it was not interposed for delay.

*Baker & Hughes,* for plaintiffs.

*Waldo P. Johnson* and *H. A. Cunningham,* for defendants.

TREAT, D. J. A so-called demurrer was filed to the amended bill in this case on April 1, 1880, not in conformity with rule 31, United States supreme court. The plaintiff might have moved, therefore, more than a year ago, for a decree *pro confesso* as to said demurrants. That so-called demurrer is now submitted and overruled. An examination of the case satisfies the court that if said demurrer had conformed to the rules, it would not have been well taken. It was interposed, obviously, for mere delay, inasmuch as the only legal question involved had been decided, as set out in the bill, (65 Mo. 123,) adversely; which decision this court recognizes as conclusive on a question of state taxation.

To the amended bill, filed January 7, 1880, only one answer has been filed, which is a general denial, couched in the form of an answer to a law action in the state court, and not sworn to. No replication thereto has been filed; so the case has been suffered to float. More than a year ago the plaintiff could have had, by proper motion, a decree *pro confesso:* (1) Because the so-called demurrer was no demurrer in conformity with the rules of the supreme court; and, even if it were, it was not well taken, under the conclusive rulings of the supreme court of Missouri. (2) Several of the defendants had interposed no answer to the amended bills. (3) The only defendant purporting to answer, interposed merely a general denial to the allegations of the bill, to which there should, possibly, have been a *pro forma* replication. Such practice as a general denial in form of a general issue is wholly unknown in equity; and, whether allowable or not, the case might have been set down for hearing on the pleadings, with such evidence as had been presented within the time prescribed for taking the same. If such a denial as to Holliday puts the party to a formal replication and proofs, the said defendant could, on motion, have the case dismissed as to him. But the manner in which these faulty proceedings have been pursued induces the court to permit, on terms, further action to be had, so far as the same may pertain to the merits, and no further.

The demurrer will be overruled, at the cost of the demurrants. Plaintiffs may take such further action as they may deem necessary.